USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6-23-10

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KOK WONG, on behalf of
himself and all others similarly situated

                        Plaintiff,

               - against -

HUNDA GLASS CORP., et al.,

                       Defendants.

**OPINION & ORDER**

**09 Civ. 4402 (RLE)**

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

On May 7, 2009, Plaintiff Kok Wong ("Wong") brought this action against Defendants
Hunda Glass Corp. ("Hunda Glass") and Yiming Chen ("Chen"), alleging violations of the Fair
Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et. seq.*; and the New York Labor Law
("NYLL"). Wong sought unpaid overtime wages, liquidated damages, and attorney's fees and
costs. A jury trial was conducted from April 19, 2010, to April 21, 2010. The jury found for
Wong, finding that (1) Wong had an afternoon tea break of ten to twenty minutes; (2) Wong was
paid a fixed monthly salary; (3) Chen was Wong's employer; (4) Chen willfully violated the
FLSA; and (5) Chen willfully violated the NYLL. The calculation and determination of damages
was left to the Court. Post-trial, the Court received briefing on damages from both Parties. For
the reasons that follow, the award of damages due to Wong is **$36,933.52**.

## II. BACKGROUND

### A. Factual Background

#### *Wong's Claims*

Wong was employed at Hunda Glass as a "stock boy and handyman for its auto glass business." (Compl. at 3.) He alleged that he worked over forty hours per week and was not compensated for his overtime work. (*Id.*) Specifically, he argued that Defendants knowingly and willfully operated their business with a policy of not paying overtime rates of time and one-half as required by the FLSA and NYLL. (*Id.*)

#### *Stipulations*

The Parties agreed that Wong began his employment at Hunda Glass in April 2004, and his employment ended in February 2009. (*Id.*; Final Joint Pre-Trial Order ("FPTO") at 11.) Wong's "standard workweek during his employment was from Monday to Saturday, from 8:00 a.m. to 6:00 p.m," or ten hours per day, and he was paid twice per month, on the first and sixteenth of each month. (FPTO at 11.) The Parties also agreed that Wong took two weeks of vacation and/or holiday time per year. (*See* Trial Transcript ("Tr.") at 2.)

#### *Pretrial Issues*

Prior to trial, the Court resolved two outstanding issues. First, it found that there was successor liability between Hunda Glass and Kam Cheng, Inc., the predecessor of Hunda Glass. The Court's finding was based on the fact that there was substantial continuity between the businesses, and there was the same workforce, same job titles, same supervisors, same machinery, and same products at Hunda Glass as there had been at Kam Cheng. *See Fall River Dyeing & Finishing v. NLRB*, 482 U.S. 27, 43 (1987). Moreover, Chen owned Kam Cheng, and

2

he operated Hunda Glass.[1] Second, the Court found that jurisdiction for the case existed under the FLSA. *See* 29 U.S.C. §§ 201 *et seq.*

## B. The Trial

The Parties elected to limit the jury's factual findings to five issues: (1) whether Wong was afforded an afternoon tea break and, if so, how long; (2) whether Wong was paid on an hourly basis or on a fixed monthly salary; (3) whether Chen was Wong's employer; (4) whether Chen willfully violated the FLSA; and (5) whether Chen willfully violated the NYLL. At trial, Wong and Chen testified that Wong received a daily, thirty minute lunch break, and he worked, on average, six days per week. (*See* Tr. at 23-26, 84, 102-03; (Wong's Post-Trial Damages Memorandum ("Pl.'s Damages Mem.")); (Defendants' Post-Trial Damages Memorandum ("Defs.' Damages Mem."))). After the presentation of evidence and examination of the witnesses, the jury decided each question in Wong's favor.

## III. DISCUSSION

## A. Damages under the Fair Labor Standards Act and New York Labor Law

Both the FLSA and NYLL require that employers compensate employees who work over forty hours per week with overtime pay at the rate of one and one-half times the regular rate. *See* 29 U.S.C. § 207; N.Y. Lab. Law §§ 198(1-a), 663(1); *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 468 (1948); *Reich v. So. New England Telecomm. Corp.*, 121 F.3d 58, 63 (2d Cir. 1997). The "regular rate of pay is the employee's average hourly wage for non-overtime hours . . . ." *Conzo v. City of New York*, 667 F. Supp. 2d 279, 287 (S.D.N.Y. Oct. 23, 2009). "The regular rate is the hourly rate actually paid the employee for the normal, non-overtime workweek for

---

[1]Chen's wife became owner of Hunda Glass when it was established.

which he is employed, and is calculated by dividing the employee's weekly compensation by the number of hours for which that compensation is intended." *Cuzco v. Orion Builders, Inc., et al.*, 262 F.R.D. 325, 329 (S.D.N.Y. Sept. 30, 2009) (quoting *Walling v. Youngerman-Reynolds Hardware Co.*, 325 U.S. 419, 424 (1945); *Moon v. Kwon*, 248 F. Supp. 2d 201, 230 (S.D.N.Y. 2002) (internal citations omitted). Even when wages exceed the minimum prescribed by Congress, the employer is required to pay one and one-half times the regular hourly rate for all hours actually worked in excess of forty. *Adams v. Dpt. of Juvenile Justice of the City of New York*, 143 F.3d 61, 68 (2d Cir. 1998); *Cuzco*, 262 F.R.D. at 329. An employer may be exempt from the overtime requirement if there is a salary agreement between employer and employee that sufficiently assures that the employee will receive at least the minimum wage per week. 29 C.F.R. § 778.114. However, a fixed salary will "not be deemed to include an overtime component in the absence of an express agreement." *Giles v. City of New York*, 41 F. Supp. 2d 308, 317 (S.D.N.Y. Mar. 10, 1999) (quoting *Dunlop v. Vita-Mart of Cambridge Inc., et al.,* 1975 WL 1209 at *2 (D. Mass. Opct. 31, 1975)). The FLSA guarantees that an employee who is not compensated for his overtime will also receive "an additional equal amount as liquidated damages." *Mendez v. Nooch, Inc.*, 2009 WL 666771 at *3 (S.D.N.Y. Mar. 6, 2009) (quoting 29 U.S.C. § 216(b).) Under the NYLL, employees who do not receive overtime compensation also receive liquidated damages of twenty-five percent of the total amount of wages due, if the employer's underpayments were willful. N.Y. Lab. Law §§ 198(1-a), 663(1).

An employer willfully violates the FLSA when it either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the Act. *Howard v. Port Auth. of New York*, 2010 WL 521148 at *5 (S.D.N.Y. Feb. 16, 2010); *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009). Mere negligence is insufficient. *Young*, 586 F.3d at

207. If an employer acts reasonably in determining its legal obligation, its actions cannot be deemed willful. *Id.* The employee has the burden of showing willfulness. *Howard,* 2010 WL 521181 at *5. The FLSA willfulness standard "does not differ appreciably" from the NYLL standard. *Moon v. Kwon et al.*, 248 F. Supp. 2d 201, 235 (S.D.N.Y. Sept. 9, 2002). Under the NYLL, "an employer acts 'willfully' if it 'knowingly, deliberately, or voluntarily disregards its obligation to pay wages.'" *Id.* (quoting *Ayres v. 127 Restaurant Corp.,* 12 F. Supp. 2d 305, 309 (S.D.N.Y. 1998)).

Under the FLSA, meal periods are not compensable work time and are not properly included in the calculation of overtime payments. *See Reich,* 121 F.3d at 64-65. Ordinarily, thirty minutes or more is sufficient for a meal period. 29 C.F.R. § 785.19(a). To qualify as a meal period, the employee must be relieved from duty during the meal period. *Reich,* 121 F.3d at 64-65. An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer. *Id.* If an employee is not completely relieved of his duties at meal time, then the employer must pay the time spent on meal periods at the regular rate of pay. *Id.; Conzo v. City of New York,* 667 F. Supp. 2d 279, 287 (S.D.N.Y. Oct. 23, 2009). "Rest periods of five to twenty minutes are common in industry . . . [t]hey must be counted as hours worked." 29 C.F.R. § 785.18.

The statute of limitations is two years under the FLSA, and six years under the NYLL. 29 U.S.C. § 255(a); N.Y. Lab. Law § 663(3). The effect of a willfulness finding is to extend the statute of limitations period under the FLSA from two to three years. 29 U.S.C. § 255(a). "For the period that is untimely under the federal . . . statue of limitations but timely under the state law six-year statue of limitations, the state law claim is operative." *Rios v. Neighborhood Construction Corp.*, 2009 WL 3335354 at *1 (Oct. 14, 2009) (citing *Khan v. IBI Armored*

5

*Services, Inc.,* 141 F. Supp. 2d 448, 450 n. 1 (E.D.N.Y. 2007)). Wong filed his lawsuit on May 7, 2009, and began his work for Chen on April 1, 2004. Under the FLSA, Wong's claim is timely with respect to events occurring on or after May 7, 2006. He has a timely claim under the NYLL for his entire period of employment.

### *Wong's Actual Damages*

It was established that Wong worked six days per week, from 8:00 a.m. to 6:00 p.m., from April 2004 through February 2009. He took a daily, thirty minute lunch break, and a ten to twenty minute afternoon tea break. At trial, Wong testified that he often left the premises for lunch. (Tr. at 49.) During his lunch break, Wong was freed of any work obligations, and his lunch period was therefore not compensable. Thus, Wong worked nine and one-half compensable hours per day, and fifty-seven hours per week.

The Parties stipulated at trial that from April 1, 2004, to December 15, 2005, Wong earned $1,050 bimonthly. (Tr. at 9.) The Parties stipulated that he earned $1,050 to $1,358.80 from 2006 to 2008 (FPTO at 11.), therefore, the Court will apply earnings of $1,050 for the year 2006, and will account for raises during 2007 and 2008 as calculated below. Subtracting the two weeks of vacation and holidays, he worked 2,850 hours annually (50 weeks per year * 57 hours per week). His annual rate of pay was $25,200 ($1,050 * 24). The hourly rate is then calculated at $8.84 ($25,200 / 2850 hours per year), and his weekly rate was $503.88 ($8.84 * 57). Overtime hours per week were 17 hours (57 total hours - 40 hours at the regular rate). Wong's overtime rate is $13.26 ($8.84 * 1.5). Therefore, Wong's regular rate earnings for a forty-hour week should have been $353.60 per week ( $8.84 * 40), and his overtime earnings should have been $225.42 ($13.26 * 17). Thus, Wong should have received $579.02 per week ($353.60 + $225.42). Since he received $503.88 per week, he is owed $75.14 per week in overtime

6

compensation ($579.02 - $503.88). Wong worked 137 weeks from April 1, 2004, through December 31, 2006. (143 weeks - 6 weeks of vacation (2 weeks per year)). In sum, Wong is owed **$10,294.18** for the time period of April 1, 2004, through December 31, 2006 ($75.14 per week * 137 weeks).

For the year 2007, Wong's bimonthly salary was $1204.40. The Parties stipulated that he earned $1,050.00 to $1,358.80 from 2006 to 2008. (FPTO at 11.) This represents a $308.80 raise over those two years. Assuming uniform raises, Wong received an annual raise of $154.40, and his bimonthly salary for 2007 was $1204.40, which calculates to an annual salary of $28,905.60 ($1204.40 * 24). His hourly rate would have been $10.14, and his weekly rate would have been $577.98. His overtime rate, therefore, was $15.21. Wong's regular rate earnings for a forty-hour week should have been $405.60 per week, and his overtime earnings should have been $258.57. That means that Wong should have received $664.17 per week. Since he received $577.98 per week, he is owed $86.19 per week in overtime compensation. Wong worked 50 weeks total from January 1, 2007 through December 31, 2007. He is therefore owed **$4,309.50** for the time period of January 1, 2007, through December 31, 2007.

Finally, for the years 2008 through 2009, Wong's bimonthly salary was $1,358.80, which would have been an annual salary of $32,611.20. His hourly rate would have been $11.44, and his weekly rate would have been $652.08. His overtime rate, therefore, was $17.16. Wong's regular rate earnings for a forty-hour week should have been $457.60 per week, and his overtime earnings should have been $291.72. That means that Wong should have received $749.32 per week. Since he received $652.08 per week, he is owed $97.24 per week in overtime compensation. Wong worked 54 weeks total from January 1, 2008, through February 2, 2009. In sum, he is owed **$5,250.96** for this period.

7

Therefore, Wong's total damages for unpaid overtime under the FLSA and NYLL are **$19,854.64** ($10,294.18 + $4,309.50 + $5,250.96).

### *Wong's Liquidated Damages*

The FLSA guarantees that an employee who is not compensated for his overtime work will also receive "an additional equal amount as liquidated damages." *Mendez v. Nooch, Inc.*, 2009 WL 666771 at *3 (S.D.N.Y. Mar. 6, 2009) (quoting 29 U.S.C. § 216(b).) "Liquidated damages under the FLSA are considered compensatory rather than punitive in nature." *Reich*, 121 F.3d at 71. The jury found that Chen acted willfully, thereby extending the statute of limitations to three years. Accordingly, under FLSA, Wong is entitled to liquidated damages for events occurring on or after May 7, 2006. Thus, his total amount of FLSA liquidated damages is **$12,115.22**[2].

Under the NYLL, employees who do not receive overtime compensation also receive liquidated damages of twenty-five percent of the total amount of wages due, if the employer's underpayments were willful. N.Y. Lab. Law §§ 198(1-a), 663(1). Wong's entire period of employment is timely under the NYLL. As such, liquidated damages for Wong's NYLL claim are twenty-five percent of his total actual damages, or, **$4,963.66**.

### *Total Damages*

Wong's total damage award, including unpaid overtime and liquidated damages, is **$36,933.52**.

---

[2] FLSA liquidated damages are calculated as follows: May 7, 2006 - Dec. 31, 2006 = 34 weeks. Wong was entitled to a weekly overtime pay of $75.14. $75.14 * 34 weeks = $2,554.76. Therefore, $2,554.76 + $4,309.50 (2007 overtime) + $5,250.96 (2008-09 overtime) = $12,115.22.

## IV. CONCLUSION

In conclusion, the total damages award shall be **\$36,933.52**.

**SO ORDERED this** 27nd **day of June 2010**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

**Copies of this Opinion & Order were sent to:**

Counsel for Wong
C.K. Lee
Robert L. Kraselnik
The Empire State Building
350 Fifth Avenue, Suite 1729
New York, NY 10118

Counsel for Defendant
Robert Nizewitz
Law Offices of Stephen L. Seung
2 Mott Street, Suite 601
New York, NY 10013