```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-1-10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KOK WONG,

                Plaintiff,

- against -

HUNDA GLASS CORP., et al.,

                Defendants.

OPINION AND ORDER

09 Civ. 4402 (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

On May 7, 2009, Plaintiff Kok Wong ("Wong") brought this action against Defendants Hunda Glass Corp. ("Hunda Glass") and Yiming Chen ("Chen"), alleging violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et. seq.*; and the New York Labor Law ("NYLL"). Wong sought unpaid overtime wages, liquidated damages, and attorney's fees and costs. A jury trial was conducted from April 19, 2010, to April 21, 2010. The jury found that (1) Wong had an afternoon tea break of ten to twenty minutes; (2) Wong was paid a fixed monthly salary; (3) Chen was Wong's employer; (4) Chen willfully violated the FLSA; and (5) Chen willfully violated the NYLL. Pending before the Court is Wong's motion for attorney's fees. For the reasons that follow, Wong shall be awarded **$100,100** in attorney's fees.

## II. DISCUSSION[1]

### A. Wong is the Prevailing Party

In a FLSA action, a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Additionally, under the NYLL, "any action . . . in which the employee

---

[1] This Court has thoroughly reviewed the factual background of this case in its Opinion and Order dated June 23, 2010. (Doc. No. 24.) Any references to the facts shall be incorporated through that Opinion.

prevails, the court shall allow such employee reasonable attorney's fees. . . ." § 198(1-a). A party is the prevailing party in a FLSA action "if [he] succeed[s] on any significant issue in litigation which achieves some of the benefit [he] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)). In order to be a prevailing party, the plaintiff must show that a change in the legal relationship between the parties has ensued. *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989). In this case, the jury finding in Wong's favor establishes Wong as the prevailing party. *See Kahlil v. Original Old Homestead Rest. Inc.*, 657 F. Supp. 2d 470, 474 (S.D.N.Y. Sept. 30, 2009).

### B. Standard for Attorney's Fees

An award of attorney's fees is calculated by finding a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n. v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate." *Id.* at 186 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The "most important factor to a determination of what constitutes reasonable attorney's fees is the degree of success obtained by plaintiff. *De Los Santos v. Just Wood Furniture, Inc.*, 2010 WL 445886, at * 2 (S.D.N.Y. Feb. 2, 2010). The party seeking a fee award bears the burden of demonstrating that the claimed rates and hours are reasonable. *Hensley*, 461 U.S. at 433; *see also Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997).

Courts may further "reduce the fee awarded . . . by reason of the plaintiff's partial or limited success." *Kassim v. City of Schenectady*, 415 F.3d 246, 255-56 (2d Cir. 2005) (internal

quotations omitted). If a plaintiff has only achieved partial success, courts may use an overall reduction instead of identifying which hours were dedicated to non-prevailing claims. *Handschu v. Police Dept. of the City of New York*, 679 F. Supp. 2d 488, 499 (S.D.N.Y. 2010) (citing *Hensley*, 461 U.S. at 430-40).

### 1. Wong is Entitled to Attorney's Fees

As the prevailing party, Wong is entitled to an award of attorney's fees. Wong claims a total award of $207,000, based on 460 hours worked, at a rate of $450 per hour. Defendants argue that such an award is "extravagant" because (1) the hours are grossly unreasonable because of the limited outcome; (2) the rate of $450 per hour is only awarded to the largest law firms; (3) the use of two attorneys constitutes double billing and is redundant; (4) block-billing makes meaningful review difficult; (5) attorney's travel time was not reduced by one-half; and (6) the absence of invoices or receipts for disbursements precludes recovery for such items.

*Reasonable Rate*

In its discretion to determine a reasonable rate, the court is not required to follow a rigid formula but instead shall "bear in mind all of the case-specific variables . . . identified as relevant to the reasonableness of attorney's fees." *Arbor Hill*, 522 F.3d at 189-90. The Second Circuit has adopted several factors to guide the reasonable rate inquiry:

> (1) The time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to accepting the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*LaBarbera v. Fed. Metal & Glass Corp.*, 666 F. Supp. 2d 341, 353 (E.D.N.Y. 2009). The reasonableness of the rate is measured by the prevailing market rate for lawyers in the district in which the ruling court sits. *Polk v. New York State Dep't of Corr. Serv's.*, 722 F.2d 23, 25 (2d

3

Cir. 1983). In this Circuit, "current rates, rather than historical rates, should be applied." *LeBlanc-Sternberg*, 143 F.3d at 764. To determine the prevailing rate, courts may conduct an empirical inquiry based on the parties' evidence or may rely on the "court's own familiarity with the rates" if no such evidence is submitted. *Stirrat v. Ace Audio/Visual, Inc.*, 2007 WL 2229993 (S.D.N.Y. Jul. 31, 2007) (quoting *Farbotko v. Clinton County of N.Y.*, 433 F.3d 204, 209 (2d Cir. 2005)).

To determine the currently prevailing reasonable rate, courts look first to the lawyer's level of experience. *Marisol A. ex rel. Forbes v. Giuliani*, 111 F. Supp. 2d 381, 386 (S.D.N.Y. 2000). Both Kraselnik and Lee were admitted to the New York State bar in 1998. (Defs.' Affirmation in Opposition to Attorney's Fees ("Defs.' Opp.") at 8, Ex. G.) They assert in a letter that they have "experiences at prestigious firms in New York City . . . [and] not only specialize in labor law, but focus specifically on wage and hour claims." (Wong's Fee Application, May 7, 2010 ("Wong's App.") at 1.) Both Kraselnik and Lee have approximately twelve years experience since their admittance to the bar. They claim that they have experience with wage and hour claims, and assert that "the New York City Bar Association has Kraselnik & Lee listed as part of a legal referral program for employment cases." (Wong's Reply Application, June 7, 2010 ("Wong's Reply") at 2). Defendants urge that there is no proof of these assertions. (Defs.' Opp. at 8.) Although Kraselnik and Lee's assertions are not provided in an affidavit, this Court finds no reason to doubt their veracity. However, "[t]he fee applicant bears the burden of establishing the reasonableness of the hourly rates requested – in particular, by producing satisfactory evidence that the requested rates are in line with those prevailing in the community." *Cesario v. BNI Construction, Inc.*, 2008 WL 5210209, at * 9 (S.D.N.Y. Dec. 15, 2010). In their one and three page applications, Kraselnik and Lee have not met this burden. They have only

4

made blanket assertions without affidavits or evidence explaining why they deserve a rate of $450 per hour. For example, they have provided no evidence of actual rates charged to clients or awarded by a court. Moreover, the Court agrees with Defendants that this was a "straightforward" case, requiring no more than two depositions and three days of trial. Although there were issues presented to the Court prior to trial, none required more than one to two telephonic conferences to be resolved. *See Section A*. Although Defendant contends that since Kraselnik & Lee is a small firm, it should be awarded a lower hourly rate, "[o]verhead is not a valid reason for why certain attorneys should be awarded a higher or lower rate." *Imbeault v. Rick's Cabaret Intern. Inc.*, 2009 WL 2482134, at *3 (citing *McDonald ex rel. Prendergast Pension Plan of the NYSA-ILA Pension*, 450 F.3d 91, 97 n. 6 (2d Cir. 2006)). Finally, the range of fees in this District for civil rights and employment law litigators with approximately ten years' experience is between $250 per hour and $350 per hour. *See De Los Santos*, 2010 WL 445886, at *3 (a rate of $250-$350 per hour is reasonable for an employment attorney); *Torres v. City of New York*, 2008 WL 419306, at *1 (finding that $350 per hour is reasonable for an attorney with 10 years' experience); *Marisol A.*, 111 F. Supp. 2d at 386 (a rate of $300 per hour for an attorney with 10-15 years' experience was reasonable). Based on the skill displayed by Counsel, and the number of years experience, the Court finds that a rate of $350 per hour is a reasonable rate for the work performed in this rather straightforward FLSA case.

*Reasonable Hours*

When determining the number of reasonable hours, hours found to be "excessive, redundant, or otherwise unnecessary" may be excluded. *Patrolmen's Benevolent Ass'n v. City of New York*, No. 97 Civ. 7895 (SAS), 2003 U.S. Dist. LEXIS 13472, at *6 (S.D.N.Y. July 31, 2003); *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). A court has the discretion

to make an across-the-board percentage reduction to exclude unreasonable hours. *Luciano*, 109 F.3d at 117. "Attorneys applying for court-ordered compensation must document the application with time records which 'should specify, for each attorney, the date, the hours expended, and the nature of the work done.'" *Kahlil*, 657 F. Supp. 2d at 477 (citing *N.Y. State Ass'n. for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)). General descriptions of completed work are sufficient. *Id.* (citing *Aiello v. Town of Brookhaven*, 2005WL 13972002, at *2 (E.D.N.Y. June 13, 2005)). "The critical inquiry is 'whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures.'" *Cesario*, 2008WL 5210209, at *7 (citing *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992)).

Kraselnik and Lee claim they dedicated 460 hours to this case; 366.6 hours for Lee, and 123.4 hours for Kraselnik. (Wong's App.) The Court finds that the use of two attorneys for this uncomplicated, one-plaintiff FLSA case is both redundant and excessive. An across-the-board reduction in cases with more than one attorney is appropriate to account for redundancy. *See Carey*, 711 F.2d 1136, 1148 Moreover, upon review of Kraselnik's hours, it appears that his primary function was to review Lee's work since there was no reason set forth why it was necessary for Kraselnik to perform the work recorded. Since Lee has approximately twelve years' experience, there was no need to review his work. The trial itself was three days and involved only two witnesses. Only one experienced attorney was needed. As such, Kraselnik's hours will not be included in the computation of attorney's fees. Moreover, upon review of Lee's hours, the Court finds that some time expenditures were unnecessary or excessive, and that an experienced attorney should not have required as much time. Some examples of this include Lee's four-hour time expenditure preparing a letter regarding deposition dates, five hours spent revising a letter and "correspondence," and six and one-half hours preparing a letter for the

Court. Accordingly, this Court has determined that a 15% across-the-board reduction is warranted to account for some excessive or unnecessary time expenditures. As such, the total hours calculated for attorney's fees are 286 hours.

Accordingly, the attorney's fees to be awarded to Wong's counsel are **$100,100**.

### III. CONCLUSION

In conclusion, Wong shall be awarded **$100,100** in attorney's fees.

**Dated: September 1, 2010**
**New York, New York**

**Respectfully Submitted,**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

**Copies of this Report and Recommendation were sent to:**

Plaintiff's Counsel
Kraselnick & Lee, PLLC
C.K. Lee
Robert Kraselnick
30 E. 39th Street, 2d Floor
New York, NY 10016

Defendants' Counsel
Stephen K. Seung
Robert Nicewitz
2 Mott Street, Suite 601
New York, NY 10013